```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

        -AGAINST-                        ORDER AND MEMORANDUM
                                          04-CR-902 (DRH)
DAVID WACHSMAN,

            DEFENDANT.
-------------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    Federal Plaza
    Central Islip, New York 11722
      By: Mark Lesko, A.U.S.A.

For Defendant:
    Morvillo, Abramowitz, Grand, Iason,
    Anello & Bohrer, P.C.
    565 Fifth Avenue
    New York, New York 10017
      By: Robert G. Morvillo, Esq.

HURLEY, Senior District Judge
```

Pending before the Court is the application of David Wachsman ("defendant") for early termination of the five year term of probation to which he was sentenced on February 18, 2005, following his plea of guilty to attempted tax evasion in violation of 18 U.S.C. § 7201.

## DISCUSSION

In seeking the requested relief, defendant refers to 18 U.S.C. § 3583(e) which involves early termination of supervised release. Section 3564(c) governs early termination of probation.

However, the statutory language of the two sections is essentially the same. Compare § 3583(e)(1) with § 3564(c).

18 U.S.C. § 3564(c) provides that:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant, . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

I recognizes the defendant's significant contributions to Maryhaven Center of Hope, and his extraordinary attention to the special needs of his son Jack. And I appreciate that the requirement that defendant receive permission from his probation officer before traveling from Florida to visit with Jack and to attend to his Maryhaven and other business activities in New York may well prove stressful in some instances, particularly when time may be of the essence. Nonetheless, I am not satisfied that the interest of justice will be served by terminating defendant's probation based on the totality of the circumstances. Which is to say, I have reviewed the relevant factors listed in § 3553(a)

in conjunction with the application submitted by defendant. Having done so I decline to grant the relief requested. Cf. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

SO ORDERED.

Dated: Central Islip, New York
       November 25, 2008

/S/
DENIS R. HURLEY, U.S.D.J.